| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>CHRISTINE D. LEDERHOUSE,<br><br>         Plaintiff,<br><br>  -against-<br><br>LANDAU ARNOLD LAUFER LLP JOHN DOE(s) and<br>DANIEL FISCHER, a/k/a DAN FISCHER, and a/k/a DB<br>FISCHER LLC,<br><br>         Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>4/4/18</u><br><br>15 Civ. 8668 (AT) (SDA)<br><br>**ORDER ADOPTING**<br>**REPORT AND**<br>**RECOMMENDATION** |

ANALISA TORRES, District Judge:

  This case arises out of Plaintiff's failure to recover in bankruptcy proceedings the money she lent to a construction company, Aloia Construction Co. ("ACC"), and an individual, Thomas Aloia. Plaintiff *pro se*, Christine D. Lederhouse, filed this action in 2015 alleging that the accountants of ACC and Aloia, Defendants Landau Arnold Laufer, LLP and Daniel Fisher, committed several acts of fraud in violation of state law and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), by giving Plaintiff false information regarding ACC and Aloia's financial condition. Am Compl. at 16–19, ECF No. 4. Plaintiff sought leave to file a second amended complaint and to add additional parties, Pl. Mem., ECF No. 37, and Defendants cross-moved for judgment on the pleadings, Defs. Mem., ECF No. 45. The Court referred the motions to the Honorable Stewart D. Aaron. On March 3, 2018, Judge Aaron issued a well-reasoned Report and Recommendation ("R&R") that concluded that Defendants' motion should be granted and Plaintiff's motion should be denied because there is no legal basis for her case, which is time barred in any event. R&R at 1, ECF No. 55. The Court received Plaintiff's mailed objections on March 27, 2018, Pl. Obj., ECF No. 60. On March 30, 2018, Defendants filed a

response. ECF No. 58.[1]  For the following reasons, Plaintiff's objections are OVERRULED, and the R&R is ADOPTED in its entirety.

## DISCUSSION[2]

I. Legal Standards

    A. Review of R&R

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Courts review *de novo* those parts of a report and recommendation to which objections are made, *Mulosmanaj v. Colvin*, No. 14 Civ. 6122, 2016 WL 4775613, at *2 (S.D.N.Y. Sept. 14, 2016), and the remainder for clear error on the face of the record, *Rigano v. Astrue*, No. 07 Civ. 10282, 2011 WL 1406185, at *4 (S.D.N.Y. Mar. 30, 2011). In order to trigger de novo review, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

    B. Judgment on the Pleadings

Because Defendants have already answered, they style their motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

For Rule 12(c) motions, the Court applies "the same standard as that applicable to a motion under Rule 12(b)(6)," *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), meaning that a court "must accept all allegations in the complaint as true and draw all inferences in the

---

[1] Plaintiff filed additional objections after the Court issued its decision in this case, but before this order was posted to the docket. Because a sur-reply was not authorized, the Court will not consider it, and the Clerk of Court shall strike both Plaintiff's sur-reply, and Defendants' sur-sur-reply from the docket. ECF Nos. 60–61.

[2] The Court presumes familiarity with the facts of this case, which are set forth in the R&R. *See* R&R at 2–6.

non-moving party's favor," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (quoting *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 476; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208 (2d Cir. 2014) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

      C. Motion to Amend or Add New Parties

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a complaint "when justice so requires." *Pro se* litigants "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). A court "should not dismiss [*pro se* complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). However, leave to amend may properly be denied for futility of amendment. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Martin v. Dickson*, 100 F. App'x 14, 16 (2d Cir. 2004) (summ. order) (affirming denial of leave to amend to a plaintiff *pro se* on futility grounds). "Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action," *FTD Corp. v. Banker's Tr. Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997), "the

3

showing necessary under Rule 21 is the same as that required under Rule 15(a)," *Johnson v. Bryson*, 851 F.Supp.2d 688, 703 (S.D.N.Y. 2012).

D. *Pro Se* Litigants

*Pro se* litigants are entitled to "special solicitude," and the court will construe a *pro se* "complaint to raise the strongest claims that it suggests." *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

II. <u>Application</u>

A. RICO

The R&R determined that Plaintiff failed to state a RICO claim. R&R at 13–16. Specifically, Judge Aaron so found because no pattern of racketeering had been plausibly pleaded. *Id.* at 15. Plaintiff objects to Judge Aaron's determination that a contract of sale— specifically the Agreement for Purchase of ABCON Construction, Inc.—did not constitute a second predicate act sufficient to plead a pattern of racketeering. Pl. Obj. at 6. In addition, Plaintiff requests a "de novo determination" regarding the R&R's analysis of predicate acts under RICO. In connection with this request, Plaintiff directs the Court to 27 pages of exhibits, including, among other things: filings in bankruptcy court, electronic docket summaries of the bankruptcy court, transcripts of proceedings before those courts, a copy of an insurance agreement, and an email—which Plaintiff contends form the basis for a second RICO predicate act. *Id.* at 7. Accordingly, in resolving this objection, the Court will review anew whether Plaintiff has adequately alleged a "pattern of racketeering."

4

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A plaintiff bringing a civil RICO claim under Section 1962(c) must allege that (i) the defendant has violated the substantive RICO statute; and (ii) the plaintiff was injured in her business or property by reason of a violation of Section 1962. *Spool* v. *World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). To make out a substantive RICO violation, in turn, a plaintiff must allege the (i) conduct (ii) of an enterprise (iii) through a pattern (iv) of racketeering activity. *Cruz* v. *FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013).

"Racketeering activity" is defined in 18 U.S.C. § 1961(1) to include a variety of offenses including, kidnapping, gambling, arson, robbery, bribery, extortion, and, as relevant here, wire fraud under 18 U.S.C. § 1343. The essential elements of wire fraud are "a scheme to defraud, money or property as the object of the scheme, and use of the . . . wires to further the scheme." *United States* v. *Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (per curiam) (internal quotation marks and citation omitted). Fraudulent predicate acts "are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *First Capital Asset Mgt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004).

The Court focuses its attention on an affidavit submitted by Plaintiff, which contains facts that could conceivably form a RICO claim. Lederhouse Aff. ¶ 3(a), ECF No. 52.[3] In it, Plaintiff

---

[3] Plaintiff submitted this affidavit to "cure a defect" in her submissions. Although courts generally "may not look outside the pleadings" under the Rule 12(b)(6) standard, the mandate "to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials." *Munoz-Nagel v. Guess, Inc.*, No. 12 Civ. 1312, 2013 WL 1809772, at *1 (S.D.N.Y. Apr. 30, 2013).

alleges that she was misled on the phone by Defendants regarding ACC's and Aloia's "financial condition," "lack of debt," and Plaintiff's "status as [their] sole creditor." *Id.* The R&R found that because Plaintiff only alleges that these acts took place over a couple months, August and September 2007, Plaintiff failed to plead that racketeering occurred over a substantial period of time, which is necessary to meet the "pattern" element.

A "pattern" of racketeering activity requires at least two predicate acts of racketeering activity that are related and continuous. *See* 18 U.S.C. § 1961(5); *Duval v. Albano*, 16 Civ. 7810, 2017 WL 3053157, at *6 (S.D.N.Y. July 18, 2017) ("RICO targets conduct that amounts to or poses a threat of continued criminal activity." (quoting *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 239, 250 (1989) (alterations omitted)). Such acts of racketeering can take be continuous in of two ways: "closed-ended" or "open-ended." *Id.*

Because Plaintiff appears to allege "[c]riminal activity that occurred over a long period of time in the past," the Court and the R&R analyze the RICO claim under "closed-ended continuity." *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017).[4] "[C]losed-ended continuity is primarily a temporal concept . . . and it requires that the predicate crimes extend over a substantial period of time." *Id.* (internal citation and quotation marks omitted). To be substantial, the crimes generally must extend over a period of at least two years. *Spool*, 520 F.3d at 184.

Here, because the only plausible predicate acts span a period of a month, Plaintiff cannot establish continuity and thus a "pattern of racketeering." Plaintiff contends that a second

---

[4] Open-ended continuity involves criminal activity that "by its nature projects into the future with a threat of repetition." *Reich*, 858 F.3d at 60. For example, when "the business of an enterprise is primarily unlawful," or where "the predicate acts were the regular way of doing business," the RICO criminal activity is open-ended. *Id.* This standard is not relevant to Plaintiff's allegations.

predicate is found in an agreement to sell ABCON Construction to an individual named Stephen Berke. *See* Pl. Obj. at 6. The Court disagrees. There is no indication that this contract constitutes or is related to a crime, let alone that the contract implicates one of the racketeering crimes listed in § 1961(1). Although the transmission of a contract electronically could conceivably constitute wire fraud, the voluminous pleadings, affidavits, and objections submitted by Plaintiff are devoid of non-conclusory facts suggesting that the ABCON contract is, in fact, fraudulent. *See First Capital Asset Mgmt.*, 385 F.3d at 179 (holding that a complaint alleging a RICO claim predicated on fraud must "give rise to a strong inference of fraudulent intent"). Nor does Plaintiff explain how this contract fits into the RICO theories she alleges—namely that Defendants allegedly misled Plaintiff regarding the financial condition of ACC in order to induce her into lending money to ACC.

Other than the ABCON contract allegations, Plaintiff has not alleged—either in her proposed second amended complaint, in her objections to the R&R, the 27 pages of exhibits to which she directs the Court's attention, or elsewhere—any other conceivable second predicate act, and the Court is not aware of one. Although the Court is "obligated to draw the most favorable inferences" created by Plaintiff's submissions, the Court "cannot invent factual allegations that [Plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, because Plaintiff has not plausibly alleged a pattern of racketeering, her RICO claims are DISMISSED.

Even if Plaintiff were able to plead substantive RICO violations, however, her claims are barred as untimely.

B. Statute of Limitations

Defendants argue that Plaintiff's claims are time barred. Defs. Mem. at 16. The R&R agreed, finding that Plaintiff was on notice of any fraud no later than December 2008, and that as

7

a result, the latest Plaintiff could have timely filed her lawsuit was December 2012. Plaintiff objects, arguing that the limitations period began running in early March 2013. *See* Pl. Obj. at 11–12. The objection is overruled.

Civil RICO claims are subject to a four year statute of limitations. "In a RICO case, the first step in the statute of limitations analysis is to determine when the plaintiff sustained the alleged injury for which the plaintiff seeks redress." *Koch v. Christie's Intern. PLC*, 699 F.3d 141, 150–51 (2d Cir. 2012). Next, the Court then asks when Plaintiff "discovered or should have discovered the injury and begin[s] the four-year statute of limitations period at that point." *Id.* (quoting *In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56 (2d Cir. 1998). Inquiry notice—sometimes called "storm warnings"—gives rise to a duty of inquiry when the circumstances would suggest to a person of ordinary intelligence the probability that she has been defrauded. *Id.* (citing *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005)).

Plaintiff sustained her RICO injury either when she was purportedly misled by Defendants regarding the financial condition of Aloia and ACC or when she was unable to collect on her promissory notes. The specific allegation against Defendants is that over the phone in September 2007, they misled her regarding Aloia and ACC's finances. Lederhouse Aff. ¶ 3. The Court acknowledges, however, that separate from those phone calls, Plaintiff should have seen "storm warnings" coming. Doubts about Aloia's and ACC's solvency first arose as early as 2006, where Plaintiff recalls making "dozens of phone calls" and sending "hundreds of emails . . . begging and finally demanding repayment" from Aloia and ACC. *Id.* at ¶ 6.

The Court concludes, therefore, that as early as 2006 and no later than 2008, Plaintiff was on inquiry notice. Moreover, the Court rejects Plaintiff's objection that she did not receive inquiry notice until March 2013. The fact that she perhaps learned, in 2013, about additional

details of the alleged fraud scheme does not nullify her earlier notice. That is because the statute of limitations "runs even where the full extent of the RICO scheme is not discovered until a later date, so long as there were 'storm warnings' that should have prompted an inquiry." *World Wrestling Ent., Inc. v. Jakks P., Inc.*, 328 Fed. App'x 695, 697 (2d Cir. 2009) (summ. order). Plaintiff filed her complaint in this court in 2015—long after the statute of limitations expired. Her RICO claims are, therefore, time barred.

C. Motion to Amend and Add Additional Parties

The R&R recommended that the Court deny the motion to amend and add additional parties as futile, reasoning that the allegations in the proposed second amended complaint do not state a RICO claim. R&R at 21. The Court agrees. For the reasons stated above, Plaintiff's proposed second amended complaint, along with her affidavit and objections, are devoid of non-conclusory allegations that plausibly plead a "pattern of racketeering." Her claims are also time barred.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotations and alterations omitted) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, the Court first notified Plaintiff of deficiencies with her pleading on November 18, 2015 and granted her leave to amend. ECF No. 3. Plaintiff filed her first amended complaint in January 19, 2016. ECF No. 4. Now, two years later, Plaintiff has moved for leave to amend and has provided a second amended complaint and other submissions for the Court's consideration.

9

But neither Plaintiff's proposed second amended complaint nor her objections suggest any way around the fundamental RICO and statute of limitation problems in this case.

Because Plaintiff has had a chance to amend her complaint and several years to marshal allegations that would state a claim, the Court finds that granting leave to amend would not be in the interest of justice. Denial of leave to amend also comports with justice where Plaintiff has had the opportunity to be heard on similar arguments not only in this Court, but in several others—the United States Bankruptcy Court for the Eastern District of Pennsylvania, an appeal to the U.S. District Court for the Eastern District of Pennsylvania, and the Supreme Court, New York County.[5] Indeed, the Second Circuit has affirmed in a summary order a district court's decision to deny amendment in an analogous case, holding that amendment is not warranted where a plaintiff *pro se* had previously challenged bankruptcy proceedings and where her proposed amendment would not survive a motion to dismiss. *See Martin*, 100 F. App'x at 16 (finding that where plaintiff wishes "to challenge portions of the various bankruptcy proceedings," but he "has not indicated that he will be able to properly state a cause of action in an amended complaint, leave to amend is denied").

    D. Supplemental Jurisdiction

Because Plaintiff and Defendants are citizens of New York, Plaintiff's RICO claim provides the sole basis for federal jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. As a result, when the RICO claim is dismissed, the Court lacks federal jurisdiction unless it decides to exercises supplemental jurisdiction over Plaintiff's state law claims. The Court declines to do so.

---

[5] *See* R&R at 3–5. Plaintiff objects to the R&R's discussion of the *res judicata* effects of Plaintiff's previous litigations in the bankruptcy courts. Pl. Obj. at 1. Because the R&R only mentions this point of law in passing, and goes on to adjudicate her claim on its merits, the Court will not review this objection.

Time and time again, the Second Circuit has held that "if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. U.N.*, 597 F.3d 107, 113–14 (2d Cir. 2010) (internal quotation marks and citation omitted); *accord Oneida Indian Nation of N.Y. v. Madison Cnty.*, 665 F.3d 408, 437 (2d Cir. 2011)). In light of this settled rule, and because judicial economy, convenience, fairness, or comity would not be served by adjudicating the state law claims, the Court declines to exercise supplemental jurisdiction here, and Plaintiff's state law claims are DISMISSED.[6]

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in its entirety, Defendants' motion to dismiss is GRANTED with prejudice, and Plaintiff's motion to amend and add additional parties is DENIED with prejudice.

The Clerk of Court is directed to strike ECF Nos. 60-61, close this case, and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: April 4, 2018
 New York, New York

_____
ANALISA TORRES
United States District Judge

---

[6] The R&R also concluded that the state law claims were untimely and that Plaintiff had failed to adequately allege loss causation. R&R at 17–21. Because Plaintiff does not object to those portions of the R&R, the Court reviews them for clear error. Having found none, the Court ADOPTS the R&R's recommendations on the state law claims.

11